Betty L. COOK et al., Appellants,

v.

Warren C. LYON et al., Appellees.

No. 7687.

Court of Civil Appeals of Texas, Beaumont.

April 10, 1975.

Rehearing Denied May 8, 1975.

Mary Neal Sisk, Dallas, for appellants.

Jackson, Walker, Winstead, Cantwell & Miller, Dallas, for appellees.

STEPHENSON, Justice.

This is an appeal from an order of the trial court granting a motion for summary judgment. The parties will be referred to here as they were in the trial court or by name.

Plaintiff, Betty Cook, brought this action for damages for herself and on behalf of her sister and aunt. Named as defendants are Warren C. Lyon and the law firm

Brundidge, Fountain, Elliott & Churchill, hereinafter called the "law firm." It is alleged that Lyon was guilty of certain fraudulent actions which resulted in losses and damages to plaintiff. It is also alleged that Lyon was acting as a member of and on behalf of the law firm, and it is, therefore, liable for the resulting damages.

The law firm filed its motion for summary judgment, alleging in essence that Lyon was acting outside of the course and scope of his employment in performance and omission of the acts complained of by plaintiff, and, therefore, the law firm was not liable. Affidavits and depositions were filed and considered, and such motion for summary judgment was granted. This portion of the case was severed from the cause of action as to Lyon and other defendants not material to the questions raised on this appeal.

Plaintiff's allegations generally are as follows: In April 1969 she retained Lyon to represent her in a divorce case. At that time·he was a partner in the "law firm." Lyon discovered that plaintiff, her aunt, and sister would inherit $60,000 and wished to invest in mortgages. Lyon induced her to lend the money to "Texas Yummers Corporation" for the construction of a store in Dallas. The money was used for outstanding debts and expenses of that corporation. Lyon was a substantial stockholder in such corporation. Plaintiff and those she represented ended up with stock instead of a mortgage. That the corporation had already been dissolved at the time plaintiff's stock was issued. The law firm had the duty of establishing as a matter of law that it was not liable under any theory fairly presented by the allegations of plaintiff's petition. Plaintiff's contention, in substance, is that even though Lyon may not have had actual authority from this law firm to do the things complained of, that he was acting within the scope of his apparent authority.

There is surprisingly little case law in this state on the subject before us. All parties agree the questions raised are of first impression. We have not been cited, nor have we found, a single case involving the question of liability on the part of a law firm for the acts of one of the partners.

The Uniform Partnership Act provides for liability of the partnership for wrongful acts of a partner "acting in the ordinary course of the business of the partnership." Vernon's Tex.Rev.Civ.Stat.Ann. art. 6132b § 13 (1970).

Section 14 of that article reads as follows:

"The partnership is bound to make good the loss: (a) Where one partner acting within the scope of his apparent authority receives money or property of a third person and misapplies it . . . ."

In K & G Oil Tool & Service Co. v. G & G Fishing Tool Serv., 158 Tex. 594, 314 S.W.2d 782, 793 (1958), it is stated:

"A non-participating partner is ordinarily not personally liable for the wrongful, tortious or criminal acts of the acting partner unless such acts are within the scope of the partnership's business or were consented to, authorized, ratified or adopted by the non-participating partner."

The summary judgment proof in this case shows: that Lyon was a partner in the firm for the practice of law, and there was no partnership for the giving of investment counsel or the performance of services of a real estate or security broker. Lyon represented plaintiff in a divorce proceeding and in the preparation of a will. While plaintiff was conferring with Lyon in his office about the divorce, she mentioned to him that she, her aunt, and her sister had inherited $60,000. She asked Lyon if he knew someone she could talk to as an investment counselor or a real estate agent. Lyon told her he was a si-

lent partner in a real estate firm and knew of several investments. He first mentioned two apartment complexes, and then later he mentioned Yummers. Lyon told plaintiff he had just invested in San Francisco Yummers and was going to be getting the franchises for a fourteen state area. Plaintiff paid Lyon legal fees only for the divorce and will. Plaintiff gave Lyon a check in the amount of $60,343.25 made payable to "Warren Lyon as Attorney for Isabelle M. Griffin, Winifred Baker [her aunt and sister] and Betty Cook." Lyon endorsed the check and deposited it in an account not connected with the law firm.

We have come to the conclusion that the summary judgment proof established as a matter of law that Lyon had neither the actual authority nor the apparent authority to represent the law firm in the fraud perpetrated upon plaintiff. Such proof shows the fraudulent acts by Lyon were not consented to, authorized, ratified, or adopted by the other members of this law firm.

We have made a careful study of Kelsey-Seybold Clinic v. Maclay, 466 S.W.2d 716 (Tex.1971), and find that it has no application to the case before us. In that case, part of the alleged cause of action was breach of a duty owing by the clinic to the plaintiff when it learned of the relationship between the offending partner and the plaintiff. In that Supreme Court opinion, it is stated that the clinic could be held liable as a result of its own negligence without regard to whether the tortious act causing the harm was in the ordinary scope of the partnership business. The summary judgment proof in that case showed Dr. Kelsey, leading member of the partnership, had been called and put on notice of the acts of the offending partner.

Liability on the part of the law firm in the case before us, by reason of negligence on the part of the law firm, is a question which is not reasonably presented by the allegations in plaintiff's petition.

Judgment affirmed.